The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Pittman. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
All stipulations contained in the aforementioned Pre-Trial Agreement are incorporated herein by reference as are the medical records of Dr. Brigham which were admitted by stipulation following the hearing.
* * * * * * * * * * *
EVIDENTIARY RULING
Dr. Gregory were ruled upon in accordance with the law and the Opinion and Award rendered in this matter.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. On or about September 29, 1994, plaintiff was employed as a sales representative by defendant-employer. Plaintiff conducted Rohm training as part of her job duties. In carrying out her job duties, it was normal for the plaintiff to take a telephone to the demonstrations, but not to carry other equipment. However, on the date of plaintiff's alleged injury, September 29, 1994, plaintiff was required to take the equipment to the location where she was working. During the demonstration of the equipment, when plaintiff turned, she experienced a pull in her lower back. Plaintiff continued to experience back pain as she carried the equipment downstairs and placed it in the back of her vehicle. Due to back pain, plaintiff did not return to work, but went home.
2. The following day, September 30, 1994, the pain in plaintiff's lower back continued. Plaintiff returned the equipment to the office and reported to the office manager, Teresa Leithner, she would not be working that day due to back pain. On October 3, 1994, a written report was completed by defendant-employer which indicated that plaintiff attributed her back condition to lifting equipment during the course of her employment with defendant-employer on September 29, 1994.
3. On the morning of October 2, 1994, after plaintiff got out of bed and attempted to sit in a chair, she felt a "pop" with pain in her lower back with radiation into her left lower extremity. This pain was in the same area where she had experienced pain following the incident of September 29, 1994. Upon this worsening of pain, she was taken by ambulance to the Piedmont Medical Center Emergency Room in Rock Hill, South Carolina where she was seen by Dr. Gregory.
4. After several days in Piedmont Medical Center, the plaintiff was released. The plaintiff remained under the care of Dr. Gregory, who continued to keep plaintiff out of work during this time. Due to plaintiff's continuing problems, Dr. Gregory referred plaintiff for an MRI evaluation which indicated a large disk at the L3-4 level on the left.
5. Plaintiff subsequently underwent a laminectomy and discectomy from which she recovered and returned to work on February 6, 1995.
6. Due to continuing problems, plaintiff was again seen by Dr. Gregory in May of 1995 and referred for a repeat MRI evaluation. Based on the results of this MRI evaluation, plaintiff was referred to Dr. Brigham of Miller Orthopedic Clinic. Thereafter, on July 19, 1995, plaintiff underwent a lateral microdiscectomy at the L3-4 level. Plaintiff was again out of work following the second surgery until being released as of October 5, 1995 to return to "all activities."
7. On September 29, 1994, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer, in that she sustained a back injury as the result of a specific traumatic incident of the work assigned. The fact that plaintiff experienced a sharp pain in her back when she was turning to place the equipment on a typewriter constituted a specific traumatic incident of the work assigned. Following this incident, plaintiff's back pain continued and subsequently worsened as of October 2, 1994 when it became so intolerable that it necessitated her seeking medical treatment.
8. The back condition which necessitated plaintiff seeking medical treatment on October 2, 1994, and which ultimately necessitated plaintiff undergoing surgery in November 1994 and July 1995, resulted from the injury by accident she sustained during the course of her employment with defendant-employer on September 29, 1994.
9. Although plaintiff had experienced some back pain earlier in September 1994 after engaging in some yard work, she had continued performing her regular job duties for defendant-employer, until the incident of September 29, 1994.
10. As the result of the injury by accident giving rise hereto, plaintiff was unable to perform her work duties for defendant-employer or engage in any other employment from September 30, 1994 through February 5, 1995, and from July 19, 1995 until October 5, 1995. At the present time, the evidence of record does not contain a medical opinion regarding the extent of permanent partial disability, if any, which plaintiff may have sustained as a result of the injury by accident giving rise to this claim.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On September 29, 1994, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer in that she sustained a back injury as the result of a specific traumatic incident of the work assigned. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff is entitled to compensation at the rate of $320.16 per week from September 30, 1994 through February 5, 1995, and from July 19, 1995 through October 4, 1995 for the temporary total disability she sustained as a result of this injury by accident. N.C. Gen. Stat. § 97-29.
3. Plaintiff is entitled to have defendants provide all medical treatment arising from this injury by accident. N.C. Gen. Stat. § 97-25.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendants shall pay compensation to the plaintiff at the rate of $320.16 per week from September 30, 1994 through February 5, 1995, and from July 19, 1995 through October 4, 1995 for her temporary total disability. This compensation has accrued and shall be paid in a lump sum subject to the attorney's fee hereinafter approved.
2. Defendants shall pay all medical expenses incurred by plaintiff as a result of this injury by accident.
3. An attorney's fee in the amount of twenty five percent (25%) of the compensation awarded herein is hereby Approved for plaintiff's counsel, which shall be deducted from the aforesaid Award and paid directly to counsel for plaintiff.
4. Defendants shall pay the costs.
This is the 3rd of February 1997.
 S/ ___________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ___________________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ___________________________ THOMAS J. BOLCH COMMISSIONER